First case we'll hear is Cioca v. Rumsfeld, and Ms. Burke, when you're ready. Good morning, your honors. My name is Susan Burke, and I'm honored to represent here today 28 brave service members who don the uniform to defend this nation. They also exhibited bravery in coming forward with their own personal stories of tragedy of rape. We are here today to ask this court to reverse the lower court. The lower court slammed the courthouse door shut on the rape survivors, reasoning that it had to abstain from adjudicating this Bivens claim because of Supreme Court jurisprudence. Well, before we get too far into that, I wasn't quite sure from reading the supplemental briefs that we requested, particularly yours, as to the basis of jurisdiction for the plaintiffs that were Coast Guard members. Your honor, and I conferred with the counsel from DOJ this morning, the reality is that there are two Coast Guard plaintiffs that likely do not have standing. We do have the we have a declaration of war, but it may be that we also need a congressional declaration over and above the declaration of war. So it's not a matter that was adjudicated below, and we do not believe it's necessary that this court reach that issue without a full factual record on what declarations, in fact, were entered. Well, you're the plaintiff, and that's your burden to show jurisdiction. You may be right, as the government indicated, that it wouldn't be necessary, depending on the disposition of that case, to reach the jurisdictional issue. But it's always your burden to show jurisdiction. I understand, your honor, and we had relied on the cases that we cited and our understanding that there had been a declaration of war, as well as the practical reality that we learned from the two Coast Guard personnel, that they were integrated into the UCMJ process at the time. And so it is a relatively complex issue, your honor, that I do not believe needs to be adjudicated by this court. We are asking this court to walk a very narrow path. We understand that there is a concern about intruding upon military discipline, intruding upon the war-making authority. But we believe that there are two reasons why this is a unique case that should, in fact, be heard by the federal courts. The first is that the injuries arrive from conduct that is not incident to service. The claims arise from rape and sexual assaults, with which the military itself... That's not obvious. The military is addressing it as a military problem. The president met yesterday with all the military personnel seeking to solve the problem. They have people appointed in the military who are assigned the task of resolving the problem, and they have procedures addressed to the problem. So they obviously believe that sexual misconduct is a problem of the military that has to be resolved by the military. And it's a little bit difficult to argue that because somebody commits a sexual assault on a woman, which is not authorized by military conduct, but he's in the military and they're both in the military performance service, who else to take care of it? You want the civilians to go into the various barracks and plants and say, Sergeant, you should have done this or... No. You're talking about your remedy is to investigate, to prosecute, to provide judicial remedies and institutional reforms. No, no, your honor. That's your relief. No, your honor. It is, in fact, a military problem, and the military is indeed grappling with solving it. The reason why there's a Bivens claim in this unique circumstances is that it is clear that this is an issue in which the civilian control over the military, namely members of Congress, did not simply defer the resolution of the problem to military leadership. Instead, Congress, recognizing that military leadership had failed to solve the problem, acted. And Congress acted quite clearly and gave very what we have is the Bivens, the blunt deterrent of money damages. Did Congress give any judicial remedies? Congress has not created a cause of action for the narrow issue that confronts this court. So Congress addresses the problem, they set deadlines, they tell the military what to do, but they don't create a judicial remedy. That should say something. Well, your honor, the reality is that it is, we cannot fault Congress for not creating a judicial remedy. Question what they intended to do. But the reality is what they intended is what would happen in the normal course, which is that the secretaries of defense would do what they were told to do and implement the congressional directives. So what we're dealing with here is a very unique intersection of top level civilian secretaries of defense, ignoring the directives of Congress that was attempting to solve a problem, which admittedly needs to be solved by the military, but is not the type of problem that is actually incident to military service. Rather, I just can't conceive. This is a serious problem. It's a very serious problem. And it's been ongoing, and it's getting more serious as you represent. And it's become a public issue. And Congress and the executive are taking it very seriously. Now it's on the highest priorities. I can't figure out how the judicial branch is going to get involved in reforming and challenging management and saying this decision wasn't made, this person defaulted, this person didn't apply the laws that were directed to the military. We'll just become managers, day-to-day managers of the military, which is just what the Supreme Court said we were asking you to do. We're asking you to do something that is quite simple and quite normal in the administrative process. And that's to look at past history, identify instances in which individuals intentionally violated written law and say, you shouldn't have done that. And because you did it, it's going to cost you. You're going to have to pay the people that you hurt. And in this instance... But to get a Vivens remedy for money damages, which is exactly what you've asked for. It's the first sentence in your complaint. The Supreme Court, and Stanley and other cases, has been very, very clear to say that there is no Vivens remedy for anything incident to military service. That's a special circumstance. And they have defined that very broadly to be exactly what it looks like you would have to do in this case, which is examine the management of the military and the supervision through the command. Now the fact that you're starting with the secretaries as opposed to a non-commissioned officer or an officer in one of the branches, it's still within the chain of military command. It's very difficult to understand post-Chapel, post-Stanley, if the Supreme Court said in a military context, we're going to not give you Vivens relief for racial discrimination. We're not going to give you Vivens relief if you involuntarily subject military personnel to drug testing that you could prevail here. They've never allowed a Vivens claim. Your Honor, I realize that I do have rocky legal terrain in front of me. But the reason I think that we are able to be here in good faith and pressing for a Vivens remedy is those two cases themselves. When you parse through what the Supreme Court made clear in both of those cases is that they were not creating a per se rule that no claim whatsoever brought by a member of the military could be brought. In fact, the Supreme Court always took great care to point out that they weren't doing that. And so therefore- And in Stanley, they told you why. And they said that's because in any earlier case, there was not a claim for money damages. It was for some other form of constitutional relief, such as an injunction. You're not asking for that. You want money. And they've said in Stanley, among other cases, you can't have money. The reality is that money damages are the least intrusive remedy. And that's why we're seeking them. And Stanley actually is a very important case for us because it parsed through whether or not the conduct at issue, the administration of the LSD without consent was incident to service. And I would note that there, there was a judicial finding by the lower court that it was in fact given, the LSD was given for a military purpose. It served a military mission. It had a military function. And for that reason, the court said, had they not already conceded that issue, we would have to adjudicate on the facts whether it was incident to service. How do you rationalize the claims about racial discrimination? Well, your honor, your honor there, what we're dealing with is something that is further afield from what we have here, because there you're talking about the day-to-day operations of the military and the giving of orders on a day-to-day basis. What we're asking the court to look at here is far more narrow. It is whether two men who were in charge ignored, intentionally ignored the law, what Congress had directed them to do. Congress was not silent here. Congress said, this is a problem. The military needs to fix it. We have our own views. That's precisely the problem. Congress did get involved and did assign responsibility and did make issue directions, but it did not involve the third branch. It directed that to the military. And you're saying that these executives of the executive branch didn't obey or didn't follow what Congress told them they had to do. But Congress doesn't have us police the military. They didn't even suggest that we should be policing the military in those provisions. But your honor, but you're not being asked to police the military. What you're being asked to do is what you do day in and day out, which is to measure the conduct. It tells us to do. Which is to, which is to measure the conduct of people to see whether doing what Congress told them to do. Here we have very specific instances in which Congress spoke and said, you, you leaders of the military, the secretary of defense, you need to do these things in order to make sure we reduce rape and sexual assault. For instance, you say that they failed to provide an adequate judicial system as required by the Uniform Military Justice Act. Well, Congress wanted to have the military adjudicate these things, not the courts. And you almost give away your hand at that type of allegation, which is to have us provide an alternative to what Congress intended. Your honor, the reality is that the scope of the relief we're seeking is narrowed to that zone where we have those two factors. The factor that the rape and sexual assault is not incident to page 20. And then the second factor is. Let me ask you that all misconduct that violates provisions and rules is not part of the military service. Somebody hits a soldier in the jaw and breaks his jaw is not carrying out a military order. But yet the military handles that as a military matter in the course of the military. Now you have a sexual assault. The military obviously considers it a military matter because they are addressing it. They have been. They have pointed, how many was it? 6,000 or 600 special officers just to police sexual conduct of soldiers. Now some of those are even implicated these days in the public press that we note. But it's not totally irrelevant because it's indicative of the fact that this is a serious military problem and I don't know how we could manage it and say this order wasn't given or this particular case wasn't honored in the military court of justice. You'd have to review what they did. And your honor, I understand the complexity and I understand the concerns, but I do believe there is a unique intersection here because you have the civilian control, you have Congress speaking so clearly and directly to these two men. And it may be that the only thing that is able to be the basis of a Bivens action is their direct violations of those congressional directives. But we do have, we have alleged and it is of record that they did in fact violate express congressional directives. Now if you do not abstain and we go back down. In order to prove your case, you would have to depose new discovery on any number of military personnel up and down the chain of command from the secretary of defense all the way down to the line officers who participated in the decisions. And that's exactly what the Supreme Court went through when Stanley and said courts can't do this in the from Congress. And it's been over 25 years since Stanley and Congress has never given that direction. Well, your honor, I do not think the Supreme Court went that far. The Supreme Court what made it made the point that it was not closing the court, how courthouse doors to all claims by military members. And if that is not to be a illusory, there has to be some set of Each time it has addressed this has assured the men and women that wear the uniform. Every time Bivens comes up, they say no, no, no, they don't have an extended Bivens in a long time. And it looks like they may have even regretted extending it as far as they did. They'd much prefer to have causes of action created by Congress and have Congress tell us how to handle things if they want us in it. But the structure, even the structure of the throws this all in the second branch, and they have very complex system, discipline of order of adjudications of review, investigations, and all of those things that you're attacking. And so you're asking us to review the internal military structure. Your honor, what we're asking, I'm sorry, I see my time's up. May I respond? What I'm asking this court to do is not to slam the courthouse door shut. And instead, it's a question of whether we should assert ourselves. Well, no, abstention is a prudential doctrine. I do believe that we have a unique set of circumstances where we have discrete acts by two human beings, two individuals. They were told what to do to ameliorate this terrible problem, and they didn't do it. And a lot of people were hurt because of that. How do you know they didn't do it? It actually is. It's knowable. It's what we've alleged. And many of these things are all of So, for example, Secretary Rumsfeld was supposed to appoint the commission. He didn't do it. Secretary Gates was supposed to take a series of steps. He didn't do it. It will not require much discovery at all because it's all already on public record. So you want us to command them to appoint a commission? No, I want money damages. You want money damages to some soldiers who are victims with the presumed assertion that the failure to appoint a commission caused their sexual assaults. That's right, Your Honor. That's that's what we're asking. We may run into causation problems if we get that back down, but I do not think this is one in which the court should abstain. Okay. Thank you, Ms. Burke. Mr. Sturgill. Good morning. May it please the court. I'm Lowell Sturgill from the Department of Justice, representing former secretaries of defense, Rumsfeld and Gates, who've been sued in their individual capacities. Of course, in our view, the district court correctly dismissed this claim because the Congress has not authorized the cause of action that they've, plaintiffs have sought to allege, and the plaintiff's allegations all relate to defendants' management of the military. And the Supreme Court and this court have made it clear that a Bivens remedy for damages is not appropriate when a plaintiff makes those sorts of allegations. The district court in the District of Columbia recently dismissed a similar case for the same reason that Judge Amy Jackson's ruling in the Clay case, which we sent in a Rule 28J letter. Obviously, this is a serious problem, sexual assaults in the military, as the court has discussed. And as we've known from just reading the papers recently, Congress and the president are involved right now. It looked like that meeting was pretty high level. They allowed some photographing of the meeting before it started, and they really, they must have had 30, 40 high-level military people around the table sitting with the president addressing only that problem. I believe it was the president, the joint chiefs of staff, and other high-level people. That's correct. I should have asked this of Ms. Burke, but are we missing any necessary parties here? Former Secretary Panetta is not joined, is that right? That's correct. Current Secretary Hagel was not. Are they necessary parties, or is that something that's ever come up? That has never come up. We've never raised the issue, and they have not either, so I don't know. I did want to make just a few remarks in response to what has just been discussed. And first of all, the plaintiffs allege that Rumsfeld and Gates violated specific statutory congressional requirements. And when you look at that, there are really three claims. Two of their claims are that Rumsfeld and Gates missed congressional deadlines for doing certain things. It's not that they didn't do something, the military didn't respond. It's just that they didn't do it in the times that Congress had prescribed. And there's been no indication there's ever been a Bivens remedy for when an agency happens to miss a deadline. And unfortunately, that happens a lot, because Congress, of course, is right and well to be trying to set deadlines for when things should happen. But it's the president and the executive branch that has to implement that, and sometimes it's not as easy to meet those deadlines as possible. So I think, you know, if the reality were that the head of a department... Are you aware of any case where the third branch has directed cabinet members to obey deadlines that Congress gave to cabinet members for carrying out cabinet functions? I'm not. And I would say even if there were such a case, again, this is a Bivens case. If plaintiffs wanted to bring an APA pause of action for an injunction like that, that would be a different matter. But here, what they're asking, as you've discussed, is the courts for themselves to create a cause of action for damages that Congress itself is not authorized for these sorts of allegations. And the third claim was that Secretary Rumsfeld, I forget which one, directed an individual who Congress had subpoenaed to come and testify, not to come, and we haven't admitted that. But the reality is, again, that person actually did testify a military did send somebody to testify in response to that request. So again, you don't have a kind of situation where Congress has suddenly solved the problem and instructed the president what to do, and then the military hasn't responded. These are just sort of investigations and, you know, at the most, failure to meet deadlines. Again, the bottom line of the case is that even if the claims are, they seem to have abandoned all the claims other than the claims that defendants have violated these statutory mandates. But even if that's the case, it still involves the management of the military. And under the Scherer case in particular and Stanley and Chappelle, there's no such Bivens cause of All right. Thank you, Mr. Stoker. Thank you, Mr. Berg. A careful reading of Stanley and Chappelle does not foreclose this case. And I would again urge you to look at the way the Supreme Court really parsed out in Stanley whether or not that the involuntary administration of LSD was incident to service. So I think to begin the Bivens analysis, you have got to go back to the touchstone of the incident to service test. Otherwise, what we are basically doing is creating a wholesale rule that says there's never a time in which a military member can sue to try to enforce their constitutional rights. And I'm sure you're familiar with the statement. I think the government quoted it in its brief, perhaps from Dean Sherman Insky's treatise. If anybody in the legal academy would be lining up behind you, I think it would be the dean. And his treatise says the law is now settled that Bivens suits, this is post Stanley, are never permitted for constitutional violations arising from military service, no matter how severe the injury or how egregious the rights infringement. I take it you would disagree. Well, your honor. In fact, I did meet with the dean and he is philosophically behind us because what the what is perceived to be the effect of those decisions is not what they should be. And we're here asking you to take a to to use your power to to honor the service of these people to take a hard look at what the law should be and go in that direction. We do not believe you're foreclosed from doing so by those the Supreme Court jurisprudence. We think there's a little room, a little tightrope there that you're able to walk over. And the service members that have brought this case with all their bravery and bringing this national problem to the attention of the nation. I I would urge you to give serious consideration whether you can't weave your way through that thicket. Thank you. Thank you. We'll come down and greet counsel and then proceed on to our next.
judges: Paul V. Niemeyer, G. Steven Agee, Stephanie D. Thacker